FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 13 2003
JAMES W. McCORMACK, CLERK
By: DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**ANGELA JOHNSON** **PLAINTIFF**

**VS.** **CASE NO.** 4-03-CV-00652 SWW

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT** **DEFENDANT**

This case assigned to District Judge Wright
and to Magistrate Judge Jones

**COMPLAINT**

Angela Johnson (hereinafter referred to as the "Plaintiff"), for her claims and causes of action against the Pulaski County Special School District (hereinafter referred to as the "Defendant"), states:

**Parties**

1. Plaintiff is a resident of Jacksonville, Arkansas, and a citizen of the United States of America. She is an African-American female. Defendant is a public school district within the State of Arkansas.

**Jurisdiction**

2. Plaintiff sues Defendant for relief against race and sex discrimination and unlawful retaliation that Defendant has practiced against her in violation of Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 1981, and 42 U.S.C. § 1983, and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Accordingly, the Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

**Facts**

2. Since 1997, Plaintiff has held the position of lead custodian with the Defendant.

3. In June 2001, Plaintiff began working as a lead custodian for Homer Adkins Elementary School (hereinafter referred to as "Adkins"). The principal of this school has been Dr. Sue Martin. Martin subjected Plaintiff to different terms and conditions of employment on the basis of her race throughout Plaintiff's time at Adkins. In August 2001, after the maintenance custodian position at Adkins had become available, Martin appointed Plaintiff in the position temporarily. Plaintiff worked overtime in this position for approximately one month. However, Martin refused to pay Plaintiff either the higher hourly rate that the position required or any overtime. She did not hesitate to pay the white males who subsequently became temporary maintenance custodians the appropriate hourly wage or overtime. Martin also unjustifiably reduced Plaintiff's pay for alleged tardiness and for supposedly failing to perform the duties of similarly-situated whites.

4. Martin denied Plaintiff the position of maintenance custodian several times. When the position first became available in July 2001, she promised Plaintiff that she would have the position permanently if she performed well in a temporary capacity. Plaintiff told Martin that she wanted the position permanently. However, even though Plaintiff did excellent work, Martin gave the position temporarily to a black male, Gilbert Foreman. Foreman had to be trained by Plaintiff and was otherwise less-qualified than she was. In addition, Martin violated Defendant's own policy when she filled the vacancy without posting it.

5. In January 2002, Defendant also hired a less-qualified white male, Glen Keister, the next time the position of maintenance custodian became open. Plaintiff had not been given the opportunity to apply formally for the position. Contrary to the Defendant's policy, Martin failed to post the vacancy or initiate any formal application process. Keister was a substitute ("sub") custodian. Plaintiff, who was a permanent lead custodian, found out that he was her supervisor only after Martin

told her to train him in his duties.

6. When Plaintiff complained about Martin's hiring practices to the main office, the decision to hire Keister was overturned. Martin was forced to solicit and accept applications and to conduct interviews. On or about March 2002, Plaintiff submitted a formal application for the position. The committee that interviewed Plaintiff considered her qualified and gave her the highest rating of any of the applicants. However, Martin chose to let the position remain open allegedly because none of the applicants, including Plaintiff, were qualified. The only qualifications in the posting for the vacancy were (1) a high school diploma/GED, (2) previous maintenance and custodial experience, and (3) previous supervisory experience. Not only did Plaintiff have a high school diploma, but she also had some college education. Furthermore, her lengthy experience with Defendant as a custodian and her stint as a temporary maintenance custodian satisfied the second criterion. Finally, she possessed supervisory experience as a lead custodian.

7. The position remained vacant even though Plaintiff, who was clearly qualified, repeatedly sought to fill it. The real reason Martin did not hire Plaintiff was because of her race and sex. Martin told Plaintiff that she would never hire a woman to be maintenance custodian. On or about November 2002, she proved that she would never do so when she filled the vacancy permanently with a white male, Terry Johnson.

8. On or about January 2003, Martin starting giving negative performance evaluations to Plaintiff. These evaluations were intended to provide an excuse for not renewing Plaintiff's contract with Defendant. At the same time Martin threatened Plaintiff with termination if she either refused to drop her grievances or continued to file them against her. Because of the constant harassment, Plaintiff suffered from job-related stress. She had to spend time away from work in order to receive

appropriate medical treatment. The working environment became so intolerable that Plaintiff requested a transfer to another of Defendant's schools. Martin recommended Plaintiff for re-employment once she sought a transfer from Adkins. In July 2003, Plaintiff transferred to Jacksonville High School.

9. On May 7, 2003, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity

Commission ("EEOC"). (Exhibit A.) She alleged that Defendant subjected her to different terms and conditions of employment and denied her a promotion to maintenance custodian because of her race and sex and in retaliation for filing grievances against it.

10. On May 15, 2003, the EEOC issued Plaintiff a Dismissal and Notice of Rights. (Exhibit B.)

**Sex Discrimination in Violation of 42 U.S.C. § 2000(e) and Race Discrimination and Retaliation in Violation of 42 U.S.C. § 2000(e), 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Fourteenth Amendment**

11. Defendant subjected Plaintiff to disparate treatment on account of her sex when the district passed her over several times for the position of maintenance custodian in favor of less-qualified males. Dr. Martin, the principal at Adkins, ignored Defendant's policy requiring the posting of vacancies and the recommendations of the interviewing committee in order to avoid promoting Plaintiff. Defendant, through Martin, even hired males to fill the position temporarily instead of hiring Plaintiff on a permanent basis. Plaintiff alleges that Defendant's conduct infringed on her right to be free from sex discrimination in the workplace under 42 U.S.C. § 2000(e).

12. Defendant discriminated against Plaintiff on the basis of her race when Martin attempted to select less-qualified whites for the maintenance custodian position. The black male, Foreman, was only given the job temporarily. Martin planned to have Keister, previously a substitute custodian,

placed into the position permanently until Plaintiff complained to the main office that she was not following the proper procedures. She kept the position open despite having a highly-qualified applicant, Plaintiff, ready to fill the vacancy. On or about November 2002, Martin gave the job to Johnson, a white male, on a permanent basis. By discriminating against Plaintiff on account of her race, Defendant violated 42 U.S.C. § 2000(e), 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Fourteenth Amendment.

13. Re-alleging statements in Paragraph Four, Plaintiff asserts that Defendant also violated civil rights laws when Martin subjected her to different terms and conditions of employment on the basis of her race.

14. The complaints and grievances that Plaintiff made about Martin's discriminatory conduct caused Martin to retaliate against her by denying her a promotion, by writing negative performance evaluations, by reducing her pay, and by otherwise treating Plaintiff unfairly in the terms and conditions of her employment. Such conduct violated Title VII, § 1981, and § 1983.

15. Plaintiff seeks back pay for the instances in which her pay was wrongfully reduced and for her failure to receive a promotion to maintenance custodian.

16. As a result of Defendant's unlawful acts, Plaintiff has suffered mental anguish and distress, humiliation, and embarrassment. She seeks compensatory damages to remedy these injuries.

**Prayer for Relief**

WHEREFORE, Plaintiff requests the following relief:

1. Injunctive relief preventing any future racial discrimination or retaliation;
2. back pay;
3. a promotion to maintenance custodian;

4. compensatory damages;

5. costs;

6. attorney's fees; and

7. all other appropriate legal and equitable relief

Respectfully submitted,

JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, Arkansas 72206
(501) 374-3758

By: ______________________
John W. Walker, #64046
Shawn G. Childs, #99058

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA
[X] EEOC 251-2003-01458

State or local Agency, if any and EEOC

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Angela Johnson | (501) 563-0300 | 01-23-1961 |

Street Address City, State and ZIP Code
113 Wilson Street Jacksonville, AR 72076

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| PULASKI COUNTY SPECIAL SCHOOL DISTRICT | 201 - 500 | (501) 490-2000 |

Street Address City, State and ZIP Code
P.O. B 8061 Little Rock, AR 72216

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest Latest
04/24/03
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in 1996 as a Lead Custodian. In June 2001, I relocated to another school as a Lead Custodian. Since that time, the Principal has denied me breaks and over time pay while working as a Maintenance Custodian. She has also denied me a promotion and selected a less qualified White male. I have filed several grievances. In April 2003, I was told that my contract would not be renewed for the upcoming school year.

The Principal has stated that she would not promote me because I am a female. She has also stated that my contract would not be renewed due to my performance.

I believe that I was denied pay, promotion, and subjected to different terms and conditions of employment because of my race, Black, and sex, female, in violation of Title VII of the Civil Rights Act of 1964. I also believe that my contract was not renewed in retaliation for my complaints also in violation of Title VII.

PLAINTIFF'S EXHIBIT A

RECEIVED MAY 07 2003

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

5-7-03 Angela Johnson
Date Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Angela Johnson**
**113 Wilson Street**
**Jacksonville, AR 72076**

From: **Little Rock Area Office**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 251-2003-01458 | Jennifer J. Mitchem, Investigator | (501) 324-6473 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kay Klugh, Director

MAY 15 2003
*(Date Mailed)*

Enclosure(s)

cc: **Don Henderson**
**Superintendent**

PLAINTIFF'S EXHIBIT B